3:19 cv 24

FILED
SCRANTON
JAN 04 2021
PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| MICHAEL GREENE and other similarly situated inmates | Case No. _____ |
| --- | --- |
| v. | **\*EMERGENCY\*** |
| WARDEN E. BRADLEY | MOTION FOR EMERGENCY PRELIMINARY INJUNCTION |
| OFC. S. FORNEY | related to Federal Tort Claims Act, |
| OFC. A. MCCUNE | Bivens Complaint |
| UNITED STATES OF AMERICA | |

Now Comes the plaintiff's to submit this "Bivens" action and Federal Tort Claims Act action and MOTION FOR EMERGENCY INJUNCTION i.e. PRELIMINARY INJUNCTION.

The plaintiffs in this matter intends to pursue our administrative remedies regarding the matters complained of herein. But due to the emergency nature of the deadly COVID-19 pandemic and the fact that USP Canaan has recently/currently experiencing an institutional outbreak.

In Jackson v. District of Columbia, 254 F.3d 262 (D.C. Cir. 2001) the court found that the Court can only protect prisoners with a preliminary injunction while the Court waits for them to exhaust grievance procedures. Plaintiff's hereby respectfully contend that if they are forced to wait until after using the prison grievance system to sue, then we will be subjected to irreparable harm. ("Irreparable harm" meaning an injury that would cause permanent injury or damage that cannot be fixed

1 of 6

by money or some other form of relief.

## FACTS ALLEGED

① On March 11, 2020 the World Health Organization officially classified COVID-19 a pandemic. On March 13, 2020 the President declared a national emergency due to the evolving threat of the coronavirus (COVID19) outbreak. COVID-19 is a serious disease that makes certain populations of people severely ill and can lead to death. It is estimated to kill at least 10 people per thousand infected, making it ten times more lethal than the seasonal flu.

② On or about June, 2020 I, Michael Greene began to approach Warden E. Bradley regarding the fact that several members of his staff were refusing to wear mask and/or gloves even when handling the inmates food carts in Unit F-2.

② Said officers/staff claimed that the coronavirus/COVID-19 is "a hoax" and stated that "Trump does not wear a mask, so we don't either."

③ When plaintiff approached Warden E. Bradley with said concerns of officers refusal to wear mask/gloves. Warden E Bradley told me to "get lost" and totally refused to converse with me regarding the dangers of several of his officers conduct and his failure to supervise and/or train said officers.

④ I, Michael Greene immediately began to document said dangerous conduct by writing to the Lewisburg Prison Project and requesting that they obtain/retain my letters in the event an institutional outbreak occurs I would have evidence. I also called the Lewisburg Prison Project and spoke with staff attorney Amy Ernst regarding officers refusal to wear mask/ gloves and claiming the COVID-19 pandemic is a "hoax."

2 of 6

⑤ On November 23, 2020 U.S.P Canaan was abruptly placed on lockdown due to an outbreak were 10 inmates tested positive for COVID-19. Than on November 26, 2020 10 more inmates in Unit F-2 tested positive (Unit F-2 alone) which is the very same unit that officers refused to wear mask/gloves. Shortly thereafter at least 9 more inmates in Unit F-2 tested positive and within 2 weeks over 120 inmates and over 19 staff members tested positive.

⑥ On December 28, 2020 plaintiff respectfully asked Ofc. Ms. A. McCune why was she not wearing her mask on her face while passing Unit F-2 inmates our food thru our cell doors. She stated "none of your fucking business dude."

⑦ Ofc. Mr. S. Forney routinely approach inmates without his mask on his face. He stated to plaintiff on December 29, 2020 that "<u>I already had the coronavirus and had to stay out of work for two weeks, so I dont give a shit if you guys get it.</u>"

⑨ Several U.S.P Canaan officers whom later tested positive for COVID-19 routinely came around inmates without wearing mask as if they are intentionally attempting to infect the inmate population for reasons unknown to plaintiff.

⑩ The U.S. Department of Justice (FTCA) and Warden E. Bradley is currently significantly failing at it duty to protect inmates.

⑪ On November 26, 2020 U.S.P Canaan's institution's Dentist came around to cells and tested over 60 inmates, i.e., sticking Q tip type stick in our noses while wearing the very same contaminated gloves. She is totally unaware of proper safety and/or preventive measures

3 of 6

which has been established by the "CDC". Said conduct likely spreaded the coronavirus from inmate to inmate putting inmates' life and health in risk of serious injury.

⑫ Ofc. S. Forney and Ofc. A. McCune's conduct mentioned herein also puts inmates' life and/or health at risk of death or serious injury in violation of the Eighth Amendment. As well as Warden E. Bradley's failure to train/supervise his officer and the U.S. Department of Justice's failure to train/supervise it's official how to properly conduct themselves during this COVID-19 pandemic and institutional outbreak.

** ⑬ In Helling v. McKinney, the Supreme Court held that exposure to enviromental threats to an incarcerated person's physical wellbeing where exposure is preventable could violate the Eighth Amendment's prohibition against cruel and unusual punishment. (See: Helling v. McKinney, 509 U.S. 25, 28 (1993)   Helling has also been applied to "contagious diseases caused by overcrowding conditions, contaminated water, compelled use of chemical toilets, [and] paint toxins. Perhaps most applicable to COVID-19, courts have applied Helling to the exposure of inmates to Valley Fever in California. (See: Allen v. Kramer, No 1:15-cv-01609-DAD-MJS (PC) 2016 WL 4613360, *7 (E.D. Cal. Aug. 17, 2016)

Relying on Helling, Allen Court concluded an inmate alleged a viable Eighth Amendment violation because he was housed in the Central Valley where there was a relatively high risk of contracting Valley Fever. The reasoning of Allen and other cases applying Helling to exposure to enviromental risks applies with equal or greater force to COVID-19 and establishes that officials who fail to adaquately protect inmates from the

risk of contracting COVID-19 violate the Eighth Amendment.

⑬ Here at USP Canaan Ofc. S. Forney and Ofc. A. McCunes is actively being deliberately indifferent to inmates health and/or life. Again, Ofc. Forney has already contracted the coronavirus and caused inmates to contract the same possibly, went home for 2 weeks came back now claims to be immune while totally disregarding and/or intentionally exposing inmates to COVID-19.

⑭ USP Canaan's staff mentioned herein and others are failing to wear the Personel Protection Equipment ("P.P.E.") while distributing our food even though said equipment is visibly available to them. (deliberately indifferent)

⑮ Warden E. Bradley is drafting fraudulent Memorandums and then back dating the same to make the records appear to be authentic with absolutely no supervision or adequate supervision from the U.S. Department of Justice. (See: attachment Exh. A)

⑯ Plaintiff has already notified the head of USP Canaan's Medical Department to no avail due to the "code of silence" when it relates to officers misconduct.

⑰ Lewisburg Prison Project has numerous letters from plaintiff and other inmates complaining that officers are refusing to wear mask/gloves and Warden E. Bradley is turning a blind eye to said dangers.

## EMERGENCY PRELIMINARY INJUCTION

① Plaintiff hereby respectfully request a preliminary injuction Ordering USP Canaan's Warden E. Bradley to A.) Instruct and/or ensure that his staff is wearing mask and/or gloves especially when interacting

5 of 6

with inmates. and B.) to instruct his staff to wear mask/gloves when feeding inmates C.) To specifically require Ofc. S. Forney and rookie officer A. McCune to wear mask and gloves daily especially when feeding

② Plaintiff furthermore request the Court order Warden E. Bradley and/or the U.S. Department of Justice to investigate the widespread mishandling of this institution's COVID-19 outbreak i.e. officer's refusal to wear mask citing President Trump's refusal to wear a mask. And officer[s] (S. Forney and A. McCune) failure to wear P.P.E during quarantine while feeding inmates possibly spreading the coronavirus.

③ The Court to issue preliminary injunction to prevent Warden E. Bradley and/or his staff from taking any unconstitutional retaliatory action to retaliate against plaintiff's for seeking redress from this Court. (USP Canaan has a long documented history of retaliating against inmates for reporting misconduct, especially falsifying incident reports against inmates whom report misconduct.)

Footnote: Please don't let us die!

Respectfully Submitted,
Michael Greene ☺
MICHAEL GREENE
12/29/20

cc: USA TODAY/ Kevin Johnson

6 of 6

Exhibit A

Delivered on Dec 3, 2020



U. S. Department of Justice

Federal Bureau of Prisons

---

USP Canaan
3057 Eric J. Williams Memorial Drive
Waymart, PA 18472

Backdated this Memo

November 30, 2020

MEMORANDUM FOR: THE INMATE POPULATION

FROM:  *[signature]*  E. Bradley, Warden

SUBJECT:   COVID-19 Updates

Due to positive inmate cases identified in F1, F2, B2, and D1 housing units, movement will be limited. We are currently monitoring the inmate population and symptom checking. Care kits are being handed out to all inmates to include hygiene and sanitation items. Please report any symptoms to medical staff.



**U. S. Department of Justice**

Federal Bureau of Prisons

**USP Canaan**
3057 Eric J. Williams Memorial Drive
Waymart, PA 18472

April 6, 2020

**MEMORANDUM FOR:** THE INMATE POPULATION

**FROM:** E. Bradley, Warden

**SUBJECT:** Facial Masks for Inmates

All inmates are going to be issued masks to help reduce the spread of COVID-19. Any time you are out of your cell, with the exception of in the shower, you are required to wear the mask. This includes when you are walking to and from the shower. This is for the safety of the entire inmate population.

Staff members refuse to wear mask and they are the only people going to and from the general public daily. This arbitrary mandate is dangerous.

To: Clerk of Court
From: Michael Greene

    Please find enclosed a Emergency Motion For Preliminary Injuction to be filed in this Court. I did not have access to the forms the Court usually prefers and due to the dangerous emergent nature of the conduct which formed the bases for this motion I am forced to submit my motion in writing and without said forms.

    At your earliest convience please be kind enough to inform me of the case number assigned to this matter.

Thank You Very Much For Your Attention To This Matter,

Michl Greene
12/29/31



Michael Greene #22768-058
United States Penitentiary Canaan
P.O. Box 300
Waymart, PA 18472

RECEIVED
SCRANTON
JAN 04 2021
_____
DEPUTY CLERK

Legal Mail

Time Sensitive

UNITED STATES DISTRICT COURT
C/o Office of the Clerk
235 N. Washington Ave., (P.O. Box 1148)
Scranton, Pennsylvania
18501

LEHIGH VALLEY PA 180
30 DEC 2020 PM 4 L

THIS CORRESPONDENCE IS
FROM AN INMATE CURRENTLY
IN THE CUSTODY OF THE
FEDERAL BUREAU OF PRISONS

18501-500199